## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ULYSSES JEROME JOHNSON,**

    **Plaintiff,**

vs.                                                      Case No. 4:14cv48-MW/CAS

**IRENE SANDERS HALL, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed in forma pauperis, doc. 2. Plaintiff's in forma pauperis motion, doc. 2, has been granted in a separate order entered this day and the complaint may now be reviewed as is required by 28 U.S.C. § 1915A.

    Review of the allegations of Plaintiff's complaint indicates Plaintiff believes that numerous people are trying to murder him by poisoning his "food and water with bacteriam [sic] and viruses." Doc. 1 at 1. It appears that many, if not all, of the persons named are "family members." Only three of the named Defendants are located in Tallahassee, Florida, and all other Defendants are located in Alabama. *Id.* As relief,

Plaintiff requests the Court "make the defendants pay [him] now 61 (sixty one) caz. dollars." *Id.* at 2.

Plaintiff provides no factual allegations which reveal when, where, how, or why the persons named are trying to kill him. Moreover, Plaintiff provides no facts which indicate that any named Defendant is a "state actor" or violated his constitutional rights. To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). To pursue a civil rights claim, Plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998), *quoted in* Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). Plaintiff has not met either requirement. Plaintiff has not shown the deprivation of any right, nor has Plaintiff shown that any Defendant took action "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). These Defendants are alleged only to be "family members." Without any allegations showing these persons are more than private persons, and not state officials, Plaintiff may not bring a claim against them

under § 1983.  Because there does not appear to be a basis for this case to continue, this case should be dismissed as frivolous and for failure to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 10, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**